# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC MATHEWS,
Appellant,
vs.
NEVADA DEPARTMENT OF PUBLIC
SAFETY DIVISION OF PAROLE AND
PROBATION,
Respondent.

No. 68285

FILED

MAY 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for a writ of mandamus challenging the denial of an application to change probation discharge status. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

In 2014, appellant Eric Mathews submitted to respondent, the Nevada Department of Public Safety Division of Parole and Probation, an application seeking a recommendation that his parole discharge status be changed from dishonorable to honorable under SB 282 (2005). The Division denied the request, explaining that Mathews had received a dishonorable discharge because he tested positive for controlled substances and then failed to complete an inpatient treatment program, which disqualified him from consideration. Mathews subsequently filed a petition for a writ of mandamus with the district court, which the court denied after determining that SB 282's change of discharge status law, printed in the 2005 Statutes of Nevada, Chapter 476, Section 16, had expired in 2008, and that the law did not apply to persons given a dishonorable discharge for failing a drug test. Mathews has appealed.

Having reviewed the parties' briefs, we conclude that the district court did not abuse its discretion in denying extraordinary relief.

16-14803

*State, Dep't of Pub. Safety v. Coley*, 132 Nev., Adv. Op. 13, ___ P.3d ___, ___ (2016) (explaining that this court, while reviewing statutory interpretation issues de novo, otherwise reviews orders denying mandamus relief for abuse of discretion). This court recently held, in *State, Department of Public Safety v. Coley*, that because the law expired, the Division did not have authority to accept SB 282 applications or any discretion in reviewing any such applications received. *Id.* at ___. Moreover, we held, the Division does not act arbitrarily or capriciously in denying petitions from applicants with dishonorable discharges based on factors other than the nonpayment of fees, as the law "was not created as a mechanism to allow individuals to avoid court-imposed probation obligations, other than restitution or payment of fees." *Id.* at ___. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. Ronald J. Israel, District Judge
Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
Attorney General/Las Vegas
Attorney General/Carson City
Eighth District Court Clerk